**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBINJIT SINGH,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-06259-BAS-DEB<br><br>**ORDER SETTING HEARING ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

## I. BACKGROUND

On March 13, 2026, this Court granted Petitioner Robinjit Singh's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, finding Petitioner had been subject to unreasonably prolonged detention. (*Singh v. LaRose*, No. 26-cv-00985-BAS-DEB (S.D. Cal. filed Feb. 17, 2026).) The Court ordered a bond hearing before an Immigration Judge where the Government had the burden of proving by clear and convincing evidence that Petitioner was either a flight risk or a danger to the community. (*Id.* at ECF No. 12.) An Immigration Judge held that bond hearing, found Petitioner was a flight risk, and denied bond.

Petitioner then filed a Second Petition arguing that the bond hearing was constitutionally deficient because the Immigration Judge denied Petitioner's continuance

request. (*Singh v. LaRose*, No. 26-cv-02095-BAS-DEB (S.D. Cal. filed Apr. 2, 2026).) This Court faulted counsel for requesting the Court to order an immediate bond hearing and then protesting when that request was granted. (*Id.* at ECF No. 11.) Since "Petitioner does not claim that the bond hearing was otherwise constitutionally infirm or in violation of this Court's directives," the Court denied the Petition. (*Id.*)

Petitioner then filed a Third Petition in *pro per* claiming that the Immigration Judge erroneously found him to be a flight risk and that his attorney at the bond hearing sent someone "without any papers to represent him." (*Singh v. Lyons*, No. 26-cv-02724-BAS-SBC (S.D. Cal. filed Apr. 29, 2026).) The Court dismissed the Third Petition as duplicative. (*Id.* at ECF No. 7.)

Petitioner now brings this Fourth Petition. (ECF No. 1.) Petitioner has new counsel, and he argues that the bond hearing before the Immigration Judge failed to comply with due process because there was no interpreter and counsel was ineffective, in part by failing to file an appeal. (ECF No. 1.) The Court agrees with the Government that the Petition is largely duplicative. (ECF No. 5.) However, the Petition raises a new issue to the extent it claims counsel at the bond hearing was ineffective, and it is unclear whether Petitioner can exhaust any administrative remedies for this claim. Hence, the Court sets a hearing limited to the issues of ineffective assistance of counsel and exhaustion of administrative remedies.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## III. ANALYSIS

In an earlier Petition, Petitioner claimed his attorney failed to appear for the bond hearing, instead sending another lawyer to request a continuance. Now, Petitioner adds that, although Petitioner's sponsor had emailed a signed and notarized letter to the attorney eight days before the bond hearing, counsel told the Immigration Judge "we were not able to secure a sponsor letter." (ECF No. 1-2, ¶ 8.) In addition, the Immigration Judge stated that counsel, on Petitioner's behalf, had waived his right to the assistance of a Punjabi interpreter, when Petitioner claimed he was never asked about interpreter assistance. (*Id.* ¶ 9.) Finally, Petitioner claims his counsel never appealed the Immigration Judge's denial of bond. (*Id.* ¶ 10.) None of these issues were raised in the Second Petition. (*See* Second Petition at ECF No. 11 (noting "Petitioner does not claim that the bond hearing was otherwise constitutionally infirm").)

To the extent Petitioner is now claiming, four petitions in, that the bond hearing was constitutionally infirm, the Court finds this claim is largely subject to the doctrine of abuse of the writ. *See Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc) (noting the doctrine of abuse of writ generally "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition"), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003). Thus, unless the failure to raise any new claim was excusable or would result in a fundamental miscarriage of justice, Petitioner is barred from raising the claim in this Fourth Petition. *McCleskey v. Zant,* 499 U.S. 467, 499 (1991).

Failing to raise a claim because of constitutionally ineffective assistance of counsel is sufficiently excusable. *Id.* at 494. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. *Id.*

Although "[t]here is no constitutional right to counsel in deportation proceedings, . . . Due Process . . . must be accorded." *Dearinger ex rel. Volkovo v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (citations omitted). Ineffective assistance of counsel may result in a due process violation. "To show a due process violation, an alien must

prove not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the Fifth Amendment due process clause." *Id.* (citations omitted).

The Supreme Court has held the failure to file an appeal when there is a reasonable probability the defendant would have appealed without counsel's deficient performance is ineffective assistance of counsel in the criminal context. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). "[T]he holding of *Flores-Ortega* applies with equal force to claims of ineffective assistance of counsel arising out of the Fifth Amendment right to due process." *Dearinger*, 232 F.3d at 1045; *see also Siong v. Immigr. & Naturalization Serv.*, 376 F.3d 1030, 1037 (9th Cir. 2004) (reasoning that "[f]ailing to file a timely notice of appeal is obvious ineffective assistance of counsel" in the immigration context).

Accordingly, Petitioner may be able to demonstrate that he received constitutionally ineffective assistance of counsel at his bond hearing. Even so, a petitioner who challenges an adverse immigration bond determination ordinarily must appeal to the Board of Immigration Appeals ("BIA") before seeking review under § 2241. *E.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011). That prudential exhaustion requirement applies even when the bond hearing was held pursuant to an earlier habeas order, although the district court retains authority to review compliance with its own order. *See id.*

Moreover, even if the time to appeal has expired, the BIA may accept an untimely appeal. "The [BIA] will accept late-filed appeals where a party can establish equitable tolling applies." *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023). Equitable tolling requires showing "both diligence in the filing of the notice of appeal and that an extraordinary circumstance prevented timely filing." *Id.* Hence, the Court will hear from the parties on whether Petitioner can pursue an untimely bond appeal or another administrative remedy and, if an administrative remedy remains available, whether exhaustion should be excused. *See Laing v. Ashcroft*, 370 F.3d 994, 999–1001 (9th Cir. 2004).

## IV. CONCLUSION

Accordingly, the Court **ORDERS** the parties to appear on **Friday, December 4, 2026, at 11:00 a.m.** in Courtroom 12B. The parties should be prepared to address what administrative remedies remain available and whether exhaustion should be excused. In the event that the Court reaches the merits, the parties should also be prepared to address whether counsel's alleged deficiencies deprived Petitioner of due process and what relief would be appropriate.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**